## CHICAGO, ROCK ISLAND AND PACIFIC R. R. CO.

v.

## LAWRENCE HARMON.

1. EVIDENCE—STENOGRAPHER'S NOTES.—The notes of a stenographer, or even his transcript of them contained in the bill of exceptions, written out by himself, supplemented by his testimony that they are correct, would be competent evidence as to what a deceased witness swore to upon the former trial of a case.

2. PRACTICE.—Where it does not appear in the record that certain evidence the exclusion of which is complained of, was material to the issue, this court must presume that the court below was justified in excluding it in the absence of such statement in the bill of exceptions as would show error.

APPEAL from the Circuit Court of Peoria county; the Hon. D. McCulloch, Judge, presiding. Opinion filed February 5, 1885.

Mr. Thos. F. Withrow and Mr. J. C. Hutchins, for appellant; as to evidence, cited State v. Fitzgerald, 19 N. W. Rep. 202; Cornell v. Green, 10 S. & R. 14; Mayor of Doncaster v. Day, 3 Taunton, 262; Clark v. Vorce, 15 Wend. 193: Halsey v. Sonsebough, 15 N. Y. 485; Brown v. Luehrs, 79 Ill. 575.

Mr. George B. Foster, for appellee.

Pillsbury, J. This case was before us at a former term upon the appeal of the present appellant, and is reported in 12 Bradwell, 54, where will be found a statement of the facts and an expression of our views upon the rights of plaintiff and the liabilities of the defendant. After our remanding the cause it was again tried with the result of a verdict and judgment for the plaintiff below, and it comes before us again upon the appeal of the defendant.

Some of the questions passed upon by us upon the former appeal are again pressed upon our attention and we have again given them that consideration that the importance attached to them by counsel would seem to demand, and have been unable, notwithstanding their very able arguments, to reach any different conclusions than we announced at that time. We have no desire to modify or overrule any statement then made by us bearing upon the rights of the parties.

The error then in the record and for which the judgment was reversed, has been corrected, and upon the score of instructions we can not see in the present record wherein the appellant has any just grounds of complaint.

Error is however alleged upon the action of the court in refusing to allow the stenographer who reported in shorthand the evidence upon the former trial, and Mr. Wells, one of the attorneys for the appellant upon the same trial as well as this, to state what one Elwood, since deceased, testified to upon the former trial concerning the signing of a certain

paper by one Nicholas Algiers, a witness upon both trials for the appellee, Harmon. The stenographer testified upon this trial that he reported the testimony upon the former trial, including the testimony of Elwood. That while he could not state from memory, independently of his notes, everything that the deceased witness stated upon his examination, he was satisfied he had taken down his statements correctly, and referring to his notes, or the evidence written out from such notes contained in the former bill of exception, he could state substantially all that he testified to both upon direct and cross-examination. The witness Wells stated that he could state all the material parts of his testimony upon the point concerning the writing and signing of the statement by the witness Algiers, but as the cross-examination was very long and rapid, he was not prepared to say that he could state everything that the deceased witness swore to.

We are satisfied that the notes of the stenographer or even his transcript of them contained in the bill of exceptions written out by himself, supplemented by his testimony that they were correct, was competent evidence as to what the deceased witness swore to upon the former trial. As all know, competent shorthand reporters are much more likely to be correct when taking down the statement of a witness when made, than one who merely relies upon his recollection to state what was said months before, and when such reporter swears his notes are correct there can be no substantial objection to his referring to them to refresh his recollection as to the former testimony.

The record, however, in this case, does not show the materiality of the testimony of Elwood. The bill of exceptions does not show that the appellant offered in evidence the transcript of his testimony as written out by the reporter, but it also appears that such transcript was omitted from the record in this case by request of the defendant. We can not, therefore, determine whether the court committed errors in refusing to allow the defendant to prove the statement of said Elwood. Whether his testimony was material to the issue does not appear, but as the court excluded it we must presume

it was justified in so doing in the absence of such statement in the bill of exceptions as would show error.

The appellant failing to show substantial error in the record, the judgment will be affirmed.

Judgment affirmed.